```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```

---

TERI L.,

        **Plaintiff,**

 vs.             5:18-CV-560
                 (MAD/DJS)

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **OLINSKY LAW GROUP**<br>250 South Clinton Street<br>Ste 210<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **HOWARD D. OLINSKY, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza – Room 3904<br>New York, New York 10278<br>Attorneys for Defendant | **DAVID B. MYERS, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

 Howard Olinsky, prior counsel to Plaintiff Teri L. ("Plaintiff"), filed this Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) on December 10, 2019. *See* Dkt. No. 15. The Commissioner for Social Security (the "Commissioner") does not object to the request. *See* Dkt. No. 16. After performing an independent analysis, and for the reasons stated below, the Court

finds that Mr. Olinsky's requested fee of twenty-five percent, or $13,780, is reasonable and grants his motion.

## II. BACKGROUND

Plaintiff retained Mr. Olinsky to represent her in an appeal of the Administrative Law Judge's (the "ALJ) determination that she was ineligible for benefits under the Social Security Act. *See* Dkt. No. 15-1 at ¶ 1. Mr. Olinsky agreed to represent Plaintiff pursuant to a contingency fee agreement. *See* Dkt. No. 15-3. The agreement stated that, if Plaintiff was awarded past due benefits, attorney's fees would not exceed twenty-five percent of the past due benefits awarded. *See id.* at 2. On November 7, 2018, this matter was remanded to the Social Security Administration for further proceedings. *See* Dkt. No. 15-1 at ¶ 1. The parties subsequently stipulated to award Mr. Olinsky $6,650.00 in attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA") for his work at the district court level, which Mr. Olinsky has already received. *See id.* at ¶ 2.

On November 22, 2019, an ALJ issued a decision in Plaintiff's favor. *See id.* at ¶ 3. Plaintiff was awarded $79,120.00 in past due benefits for the period of March 2015 through October 2019, but $19,780.00 was withheld by the Commissioner for attorney's fees. *See id.* at ¶ 5; Dkt. No. 16 at 1. Mr. Olinsky then filed this motion pursuant to 42 U.S.C. § 406(b), seeking $13,780.00 and pledging to return the fees previously awarded upon receipt of his fees. *See* Dkt. No. 15-1 at ¶¶ 8-9.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 406(b), a court may award reasonable attorney's fees to a successful plaintiff's attorney, provided that those fees do not exceed twenty-five percent of the past-due benefits awarded. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2010); *Wells v.*

*Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). In determining whether to award fees, a district court looks first to any contingency fee agreement between the parties, which "should be enforced unless the court finds it to be unreasonable." *Gisbrecht*, 535 U.S. at 807-08; *Wells*, 907 F.2d at 370. To determine whether an agreement is reasonable, the court "must give due deference to the intent of the parties" as well as "determine whether the contingency percentage is within the 25% cap[,] whether there was fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372.

Here, as the Commissioner notes, the amount requested does not exceed the statutory cap nor is there evidence of fraud or overreaching in the creation of the agreement. *See* Dkt. No. 22 at 1. Thus, the issue before the Court is whether the requested amount is so large as to constitute a windfall.

In this district, in determining whether compensation pursuant to a retainer agreement would result in a windfall to counsel, a court must consider

> whether (1) the attorney's efforts were successful for the plaintiff;
> (2) there is evidence of the effort expended by the attorney
> demonstrated through pleadings which were not boilerplate, but
> rather arguments involving issues of material fact and research; and
> (3) the case was handled efficiently due to the attorney's experience
> in handling Social Security cases.

*Daniel E. W. v. Berryhill*, No. 5:17-CV-271, 2019 WL 1986538, *5 (N.D.N.Y. May 6, 2019); *Filipowski v. Barnhart*, No. 05-CV-1449, 2009 WL 2426008, *1 (N.D.N.Y. Aug. 6, 2009); *Daniel J. M. v. Commissioner of Social Security*, No. 5:16-CV-1466, 2019 WL 477898, *5 (N.D.N.Y. Feb. 7, 2019); *Erik K. v. Berryhill*, No. 5:15-CV-845, 2019 WL 1025791, *2 (N.D.N.Y. Mar. 4, 2019) (citations omitted).

As discussed, Mr. Olinsky seeks $13,780.00 in fees. *See* Dkt. No. 15-1 at ¶ 8. The record indicates that members of Mr. Olinsky's law firm have spent 36.1 hours working on Plaintiff's case. *See* Dkt. No. 15-1 at ¶ 11; Dkt. Nos. 15-5, 15-6. Thus, if the Court were to grant Mr. Olinsky's request, the *de facto* hourly rate would $486.93.[1] For the reasons set forth below, the Court finds the agreement to be reasonable.

Upon review of the record, the Court finds counsel's submissions to be well-prepared. The submissions demonstrate a familiarity with the facts and relevant law and indicate notable effort. *See* Dkt. No. 11. It is also clear that counsel's efforts were successful on behalf of Plaintiff. *See* Dkt. No. 18. Additionally, there is no doubt that this case was handled efficiently, at least in part, because of counsel's experience with social security cases, both at the administrative and district court level. *See* Dkt. No. 16. The Court notes that while this award is high, it is not incongruous with those regularly approved in this District. *See Cole on Behalf of Cole v. Comm'r of Soc. Sec.*, No. 15-CV-201, 2017 WL 2473174, *2 (N.D.N.Y. June 8, 2017) (accepting a contingency fee agreement with an hourly rate of $643.49 for 16.7 hours of work); *Filipkowski v. Barnhart*, No. 05-CV-1449, 2009 WL 2426008, *2 (N.D.N.Y. Aug. 8, 2009) (finding an hourly rate of $743.30 did not constitute a windfall); *Ventura v. Berryhill*, No. 6:15-CV-833, 2017 WL 5897413, *1 (N.D.N.Y. Nov. 29, 2017) (finding an hourly rate of $549.70 did not constitute a windfall). In light of the expertise and diligence with which Mr. Olinsky and his associates litigated this case, and giving "due deference to the intent of the parties," the Court finds that an hourly rate of

---

[1] In his calculations of the *de facto* hourly rate, Mr. Olinsky assumed that 7.8 hours, billed by paralegals, are billed at $100 per hour. *See* Dkt. No. 15-1 at ¶ 11. The Court does not make the same assumption because even if the hourly rate is calculated based on attorney hours alone, the Court finds the request reasonable.

4

$486.93 does not constitute a windfall. *See Wells*, 907 F.2d at 372. Accordingly, considering the relevant factors, the Court finds that an award of $13,780.00 in attorney's fee is appropriate.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's counsel's motion for an award of attorney's fees (Dkt. No. 15) pursuant to 42 U.S.C. § 406(b) is **GRANTED** in the amount of $13,780; and the Court further

**ORDERS** that the Commissioner is directed to take the steps necessary to cause the amount of $13,780.00 to be made payable to counsel from the fund of withheld past-due benefits, upon receipt of the amount previously awarded to counsel pursuant to the EAJA, in compliance with the requirements of the Social Security Act and implementing regulations as interpreted by the federal courts, and in full satisfaction of the obligations imposed by this Memorandum-Decision and Order; and the Court further

**ORDERS** the Commissioner is directed to return any surplus withholdings to Plaintiff; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 18, 2020
Albany, New York

_Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge